Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001146
20-NOV-2015
08:42 AM

NO. CAAP-14-0001146

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v. RODNEY K. KAWELO,
also known as Rodney Kamalamalama Kawelo, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 11-1-1324)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Reifurth, JJ.)

Defendant-Appellant Rodney K. Kawelo (Kawelo) timely appeals from the September 11, 2014 Judgment entered by the Circuit Court of the First Circuit (Circuit Court),[1] convicting Kawelo of Assault Against a Law Enforcement Officer in the Second Degree in violation of Hawaii Revised Statutes (HRS) §707-712.6 (2014)[2] and Harassment in violation of HRS §711-1106(1)(a) (2014)[3].

---

[1] The Honorable Edward H. Kubo, Jr. presided.

[2]

§707-712.6 **Assault against a law enforcement officer in the second degree.** (1) A person commits the offense of assault against a law enforcement officer in the second degree if the person recklessly causes bodily injury to a law enforcement officer who is engaged in the performance of duty.

[3]

§711-1106 **Harassment.** (1) A person commits the offense of harassment if, with intent to harass, annoy, or alarm any other person, that person:

(a) Strikes, shoves, kicks, or otherwise touches another person in an offensive manner or subjects the other person to offensive physical contact[.]

Kawelo's single point of error on appeal is that the Circuit Court erroneously denied Kawelo's motion for judgment of acquittal because (1) the State did not prove facts beyond a reasonable doubt negating his defenses of self-defense, defense of property, or use of force to prevent a crime and (2) the State failed to prove that he possessed the requisite state of mind to commit these offenses.

After a careful review of the point raised and arguments made by the parties, the record, and the applicable authority, we resolve Kawelo's point on appeal as follows and affirm.

When reviewing a motion for judgment of acquittal,

> we employ the same standard that a trial court applies to such a motion, namely, whether, upon the evidence viewed in the light most favorable to the prosecution and in full recognition of the province of the trier of fact, the evidence is sufficient to support a prima facie case so that a reasonable mind might fairly conclude guilt beyond a reasonable doubt. Sufficient evidence to support a prima facie case requires substantial evidence as to every material element of the offense charged. Substantial evidence as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion. Under such a review, we give full play to the right of the fact finder to determine credibility, weigh the evidence, and draw justifiable inferences of fact.

State v. Jhun, 83 Hawai'i 472, 481, 927 P.2d 1355, 1364 (1996) (citations and internal quotation marks omitted).

On appeal, Kawelo argues that the prosecution failed to present evidence that he possessed the requisite state of mind for each offense and failed to disprove his defenses of self-defense, defense of others, and use of force to prevent a crime.

The prosecution presented sufficient evidence proving Kawelo's state of mind. The offense of Assault Against a Law Enforcement Officer in the Second Degree requires proof that the accused recklessly caused bodily injury to a law enforcement officer who is engaged in the performance of duty. Here, the complaining witness Officer Donald Marumoto (Officer Marumoto) testified that Kawelo moved aggressively towards him and Officer Jimmy Vannasing (Officer Vannasing) while shouting "I going broke your ass"; he and Officer Vannasing placed themselves between Kawelo and Officer James Omerod (Officer Omerod) who was removing the unauthorized Kingdom of Hawai'i license plates from Kawelo's van; when Kawelo was within ten to fifteen feet of the officers, they told Kawelo to "stop, get

back"; Kawelo continued forward, stopping to threaten, "I'm gonna broke his ass if he touches my car" then pushed Officer Marumoto aside, causing him to fall; and during the course of the fall, Officer Marumoto hit his elbow on a pole, resulting in a cut on his elbow. Taking the evidence in the light most favorable to the prosecution, there was sufficient, substantial evidence to establish Kawelo recklessly caused bodily injury to Officer Marumoto when he shoved Officer Marumoto aside.

The charge of Harassment requires the prosecution to present evidence that a person strikes, shoves or otherwise touches another person, with the intent to harass, annoy, or alarm that person. HRS § 711-1106(1)(a). In addition to the evidence summarized above, complaining witness Officer Vannasing's testimony demonstrated that he felt concern for his safety when, after Kawelo was ordered to stop, Kawelo walked aggressively towards Officer Vannasing and Kawelo pushed him. When taken in the light most favorable to the prosecution, this evidence supported the conclusion that Kawelo intended to harass, annoy, or alarm Officer Vannasing.

Kawelo also argues that the Circuit Court erred in denying his motion for judgment of acquittal where the prosecution failed to disprove his defenses of self-defense, defense of property, and use of force to prevent a crime. The use of force is "justifiable when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by the other person on the present occasion." HRS § 703-304 (2014). Application of the defense involves a two-step analysis; a determination that the defendant held a subjective belief that the force was necessary and that the subjective belief was objectively reasonable. State v. Lubong, 77 Hawai'i 429, 433, 886 P.2d 766, 770 (1994). Assuming without deciding that the evidence showed Kawelo actually believed his use of force was necessary, and taking the evidence in the light most favorable to the prosecution, Lubong, 77 Hawai'i at 432, 886 P.2d at 769, the evidence also amply supported the conclusion that Kawelo's belief was not objectively reasonable. Kawelo was the first aggressor, moving aggressively towards and shoving both Officers Marumoto and Vannasing. Kawelo's use of force was employed after the officers told him to stop and had made no

movement or threat against Kawelo.[4]  While Kawelo argues that "the officers closed ranks and used illegal force on him," the evidence supports the Circuit Court's decision, in viewing the evidence in the light most favorable to the prosecution, to reject Kawelo's version and accept the officers' version of the events.  Lubong, id.

Similarly, the evidence supports the Circuit Court's denial of Kawelo's motion for judgment of acquittal based on his defense of property defense.[5]  Kawelo admitted that he did not tell the officers he wanted his backpack from the van.[6]  Furthermore, there was no evidence that, at the time Kawelo employed force, the officers planned to tow his van away without allowing him to take his belongings from it.  Finally, as the officers testified, they were removing the license plates from his van because they were not "State of Hawaii plates."[7]  Again, even if Kawelo subjectively believed he used force to protect his property, this belief was not objectively

---

[4]     The evidence also showed that the officers had initially told Kawelo to move his vehicle out of the tow away zone, which would have avoided the incident, which Kawelo declined to do.

[5]     We note that it is questionable that this defense was available to Kawelo as a matter of law.  HRS § 703-306 (2014), Use of force for the protection of property provides, in pertinent part,

> (1)  The use of force upon or toward the person of another is justifiable when the actor believes that such force is immediately necessary:
>
> . . . .
>
> (c)  To prevent theft, criminal mischief, or any trespassory taking of tangible, movable property in the actor's possession or in the possession of another person for whose protection the actor acts.

(Emphasis added).  Neither the backpack nor the license plates were in Kawelo's possession when he used the force at issue.

[6]     We note that, with certain exceptions not relevant here, the defense of property justification requires "that the actor first requests the person against whom force is used to desist from the person's interference with the property[.]"  HRS § 703-306(2)

[7]     HRS § 249-11(b) (Supp. 2014), "Fraudulent use of plates, tags, or emblems and other misdemeanors; penalties[,]" provides in pertinent part,

> (b) It shall be unlawful for any person to manufacture, sell, display, permit to be displayed, or possess any reproduction, imitation, or facsimile of a license plate with a similar design, shape, size and color as the license plates contracted for the director of finance of the city and county of Honolulu pursuant to section 249-9.

reasonable as there was either no evidence that his property was being taken or he was not entitled to keep this property.

Finally, as the evidence showed Kawelo's use of force to prevent a crime[8] was not objectively reasonable, the Circuit Court was correct in denying Kawelo's motion for judgment of acquittal on this basis. The officers testified they gave Kawelo the opportunity to move his van from the tow-away zone, which could have avoided the entire situation. There was no evidence that the officers knew Kawelo left his backpack in the van. There was also no evidence that the officers were going to take Kawelo's backpack with the van, or that Kawelo could not retrieve his backpack at a later time, if they had. In any event, Kawelo admitted he did not ask the officers for his backpack before he used force against the officers.[9] Finally, it was not objectively reasonable to use force to prevent the officers from confiscating illegal license plates.

Therefore, based on the foregoing, the Circuit Court of the First Circuit's September 11, 2014 Judgment is affirmed.

DATED: Honolulu, Hawai'i, November 20, 2015.

On the briefs:

Jon N. Ikenaga,
Deputy Public Defender,
for Defendant-Appellant.

Brian R. Vincent,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

*Craig H. Nakamura*

Chief Judge

*Alexa Fujise*

Associate Judge

*Lawrence M Reifurth*

Associate Judge

---

[8] HRS § 703-308(1) (2014), Use of force to prevent suicide or the commission of a crime, provides a defense if immediately necessary to prevent the crime of damage or loss of property.

[9] As with the use of force to protect property, the limitation contained in HRS § 703-306(2) that the actor first requests that the person against whom the force was used desist from interfering with the property also applies to the use of force to prevent a property crime. HRS § 703-308(1)(a).